IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACK JACKSON and WRAY NIELANDER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 03-4181-JAR |
| ) | |
| KANSAS COUNTY ASSOCIATION ) | |
| MULTILINE POOL("KCAMP"); ) | |
| THOMAS JOB; THE BOARD OF COUNTY ) | |
| COMMISSIONERS OF THE COUNTY ) | |
| OF LINCOLN, KANSAS ("BOCC"); ) | |
| DWIGHT HELLER; DOUG GOMEL; ) | |
| JOHN KOBBEMAN; DAWN HARLOW; ) | |
| and JENNIFER O'HARE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court upon plaintiffs' motion to file a second amended complaint (Doc. 113). Defendants KCAMP and Job have filed a response in opposition to plaintiffs' motion (Doc. 123), to which plaintiffs' have filed a reply (Doc. 127). Defendants KCAMP & Job have also filed a sur-reply to plaintiffs's reply (Doc. 132). Defendants BOCC, Heller, Gomel, Kobbeman, Harlow, and O'Hare ("Lincoln County defendants") have made no filing with regard to plaintiffs' motion.

On June 27, 2005, the court held a final pretrial conference in this matter, at which time it took the instant motion to amend under advisement; took the parties' proposed pretrial order under advisement with the intention of holding a further pretrial conference once it had ruled upon the instant motion to amend; deemed the sur-reply of defendants KCAMP and Job to be properly filed; suspended the dispositive

motion deadline; and directed the parties to confer and submit a grid summarizing the claims alleged in both the first and proposed second amended complaints, specifying which plaintiff or plaintiffs is bringing each claim and which defendant or defendants each claim is brought against, and identifying any prior rulings by the court with respect to each claim.[1] The parties have submitted such a grid, which the court has reviewed, and the court is now prepared to rule upon the motion to amend, set a new deadline for the filing of dispositive motions, and establish a procedure for finalizing the pretrial order in this matter.

## I.   Background

Plaintiffs commenced this civil rights action in August of 2003, by filing their petition in Shawnee County, Kansas District Court.[2] Defendants timely removed the action to this court on September 30, 2003.[3] Plaintiffs were granted leave to amend and filed their first amended complaint on May 3, 2004, wherein plaintiff Jackson alleged claims for deprivation of liberty interest and § 1983 conspiracy (deprivation of liberty interest) against all defendants; both plaintiffs alleged claims for § 1983 conspiracy (malicious prosecution), § 1983 conspiracy (abuse of process), abuse of process, malicious prosecution, tortious interference, state law civil conspiracy, and false light invasion of privacy against all defendants; and both plaintiffs alleged claims for defamation against defendants KCAMP, Job, Heller, Harlow, and O'Hare.

On January 19, 2005, U.S. District Judge Julie A. Robinson, the trial judge to whom this matter is assigned, issued written rulings (Docs. 73 & 74) granting in part and denying in part motions to dismiss

---

[1] *See* Order (Doc. 134).

[2] *See* Petition (Ex. 1 to Doc. 1).

[3] Notice of Removal (Doc. 1).

filed by defendants KCAMP and Job (Doc. 26) and defendants BOCC, Heller, Gomel, Kobbeman, Harlow, and O'Hare ("Lincoln County defendants"). In these rulings, Judge Robinson dismissed plaintiff Jackson's individual claims against all but defendants BOCC, Heller, Gomel, and Kobbeman; dismissed plaintiffs' joint claims for § 1983 conspiracy (malicious prosecution), § 1983 conspiracy (abuse of process), abuse of process, and malicious prosecution in their entirety; dismissed plaintiffs' joint claim for false light against all but defendants BOCC, Heller, Gomel, Kobbeman, O'Hare, and Harlow; and dismissed plaintiffs' joint claim for defamation against all but defendants Heller, O'Hare, and Harlow.

In the instant motion for leave to amend, plaintiffs seek to file a second amended complaint making additional specific allegations in support of their remaining claims, reviving plaintiff Jackson's individual claims against defendants KCAMP, Job, Harlow, and O'Hare, and also reviving plaintiffs' joint claims for § 1983 conspiracy (malicious prosecution) and malicious prosecution for the stated purpose of preserving those issues for appeal.

## II.     Standard of Decision

Fed. R. Civ. P. 15 governs the process for a party to amend its pleadings and provides in relevant part: "A party may amend the party's pleading once as matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

As the instant motion requests leave to file a second amended complaint, the latter portion of the procedure controls and plaintiffs may only amend upon written consent of the adverse parties or by leave of court. Because defendants KCAMP and Job have opposed plaintiffs' motion, there is no issue of

3

consent to the proposed amendment by all adverse parties, and it remains for the court to determine whether the amendment should be permitted in the interests of justice.

"The decision to grant leave to amend, after the permissive period, is within the district court's discretion and will not be disturbed absent an abuse of that discretion."[4]  The language of Rule 15 requires, and the Supreme Court has emphasized, that leave to amend shall be 'freely given when justice so requires.'"[5]  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[6]  "Untimeliness in itself can be a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay."[7]  "When a motion to amend . . . is filed after the Scheduling Order deadline the moving party must show

---

[4] *MOMSWIN, L.L.C. v. Lutes*, 211 F.R.D. 650, 652 (D. Kan. 2002) (citing *Woolsey v. Marion Labs.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[5] *Id.* (quoting Fed. R. Civ. P. 15 (a) and citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

[6] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. V. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

[7] *Welch v. Centex Home Equity Co., L.L.C.*, 323 F. Supp. 2d 1087, 1090 (D. Kan. 2004) (quoting *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1495 (10th Cir. 1995)); *see also Id.* (quoting *Frank*, 3 F.3d at 1365 ("It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend . . . .").

good cause for allowing the amendment out of time."[8] "To establish good cause, the moving party must show that the deadline 'could not have been met with diligence.'"[9]

## III. Discussion

Plaintiffs assert that they seek leave to amend for the following purposes:

> To set forth specific allegations that defendants O'Hare and Harlow personally participated in the decision to deny Jackson a name-clearing hearing.
> To set forth specific allegations detailing how KCAMP and Job, though private persons, acted under color of state law in that they were willful participants in joint action with the Lincoln County defendants to rid Lincoln County of Jackson as a Sheriff's Deputy and in committing each and every tortious act attendant thereto.
> To set forth specific allegations demonstrating the deliberately coordinated activities of KCAMP, Job and the Lincoln County Defendants, and the single-mindedness with which the parties doggedly pursued the termination of Jack Jackson and the reputational ruin of both plaintiffs.[10]

The Lincoln County defendants have not responded to plaintiffs' motion, and the time to do so has now expired.[11] Pursuant to D. Kan. Rule 7.4, the court ordinarily treats a motion, to which no timely response is filed, as uncontested and grants the motion without any further notice.[12]

---

[8] *MOMSWIN*, 211 F.R.D. at 654 (citing *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990)).

[9] *Id.* (quoting *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993)).

[10] Plaintiff's Motion to File Second Amended Complaint (Doc. 113), at pp. 1-2.

[11] *See* D. Kan. Rule 6.1(d)(1) ("Responses to nondispositive motions. . . shall be filed and served within 14 days.").

[12] D. Kan. Rule 7.4 provides in relevant part:

The failure to file a brief or response within the time specified within Rule 6.1(d) shall constitute a waiver of the right thereafter to file such a brief or response, except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested

5

Defendants KCAMP and Job have responded in opposition to plaintiffs' motion. They contend that this is an improper attempt by plaintiffs to circumvent the trial judge's earlier rulings on the motions to dismiss and that they would be unfairly prejudiced if the proposed amendment is allowed because of it s effect on their pending motion for summary judgment (Doc. 91). Defendants KCAMP and Job point out that plaintiffs, as part of their response to defendants' motion to dismiss, requested the opportunity to amend to cure any defects the court identified prior to any claims being dismissed,[13] and that the trial judge did not permit them the opportunity to do so. They, therefore, contend that plaintiffs' attempts to revive claims that were earlier dismissed should be denied on the basis of futility. They further contend that the requested amendment should be denied as untimely as it is being sought long after the expiration of the October 1, 2004-deadline established for amendments in the original scheduling order (Doc. 38) and that plaintiffs never sought an extension of the amendment deadline, including when the court amended the scheduling order with regard to other deadlines.

Plaintiffs respond to defendants KCAMP and Job's arguments by stating that defendants KCAMP and Job's motion for summary judgment was premature in that it was filed prior to the depositions of defendants and their witnesses, which provided plaintiffs with the information they relied upon in formulating the proposed second amended complaint. Plaintiffs contend that the timing of this discovery also justifies the timing of the instant motion for leave to amend. Plaintiffs contest that their proposed amendment is not

---

motion, and ordinarily will be granted without further notice.

[13] Plaintiffs' Response to Defendants KCAMP and Job's Motion to Dismiss First Amended Complaint (Doc. 31), at p. 19.

6

futile, insofar as it attempts to revive earlier dismissed claims, because, the argue, their amendment provides added facts and allegations that cure the deficiencies that resulted in the earlier dismissals.

As threshold matter, the court finds that plaintiffs have demonstrated good cause for the timing of their motion for leave to amend by virtue of the facts giving rise to the proposed amendment having been developed through recent discovery. While defendants KCAMP and Job are correct that the amendment is being sought well after the expiration of the scheduling order deadline and that no extension of that deadline was ever requested, the court finds that the timing of the requested amendment, relative to the depositions of defendants and their witnesses, demonstrates that plaintiffs sought leave to amend in a timely manner after learning of the necessary information through discovery.

With regard to the issue of futility, a court may deny a proposed amendment on the basis of futility if the "amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted;"[14] therefore, the court "must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."[15]  "The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims."[16]

In this instance, insofar as plaintiffs seek to revive claims by their amendment, the claims they seek to revive have already been evaluated by the trial judge and found to be insufficient to go forward. Judge

---

[14] *Stewart*, 216 F.R.D. at 664 (citing *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *Schepp v. Fremont County, Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990)).

[15] *Id.* (citing *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001).

[16] *Id.* at 665 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984).

7

Robinson fully explored plaintiffs' claims against defendants' KCAMP and Job in her ruling on those defendants' motion to dismiss. She ultimately concluded that plaintiffs had not alleged that defendants KCAMP and Job acted under color of state law, as required to sustain their § 1983 claims, that plaintiffs had not alleged any defamatory words on the part of these defendants, and that, while plaintiffs may have alleged that defendants KCAMP and Job had conspired with the Lincoln County defendants to terminate plaintiff Jackson's employment, they had not alleged a conspiracy to abuse process as to plaintiffs, maliciously prosecute plaintiffs, or deny plaintiff Jackson his good name and reputation. "[O]nce an issue is decided by the court, it should not be reconsidered unless it is clearly erroneous or resulted in the imposition of some manifest injustice."[17]

There has been no argument that the earlier ruling dismissing plaintiffs' claims against defendants KCAMP and Job was clearly erroneous or resulted in some manifest injustice. Additionally, after reviewing the plaintiffs' proposed amendment, the court finds that, while it adds detail and expands previous allegations, it does not change the fundamental nature of what was previously alleged to overcome the deficiencies identified by Judge Robinson in her ruling on defendants KCAMP and Job's motion to dismiss. As such, the court finds that it would be futile to allow plaintiffs to amend to revive claims and would result in unfair prejudice to defendants in that it would unnecessarily prolong the litigation and create the need for additional motion practice simply to bring the case back to the point it has already reached. The court will, therefore, deny plaintiff's motion for leave with regard to any amendment to revive any claims already dismissed from this action, either in their entirety or as to one or more separate defendants.

---

[17] *Burnett v. Western Resources, Inc.*, 929 F. Supp. 1349, 1360 (D. Kan. 1996).

To the extent that plaintiff's proposed amendment seeks to add additional detail to prior allegations without reviving earlier dismissed claims, the court finds that such amendment is not futile and would not result in unfair prejudice to any of the defendants. As such, the court will grant plaintiffs' motion for leave to amend their complaint in this regard.

### IV.  Conclusion

Based upon the foregoing, the court concludes that plaintiffs' motion for leave to amend should be granted with regard to amendment to clarify and add detail to existing claims remaining in the action after the trial judge's rulings on the various motions to dismiss and denied insofar as it attempts to revive any claims that have been dismissed from this action, either in their entirety or as to one or more separate defendants.

**IT IS THEREFORE ORDERED**:

1. That plaintiffs' motion to file a second amended complaint (Doc. 113) is hereby granted in part and denied in part.

2. That plaintiffs shall, by **October 28, 2005**, file and serve their second amended complaint revised in compliance with this memorandum and order.

3. That defendants shall, by **November 7, 2005**, file and serve their answers to plaintiff's second amended complaint.

4. That the parties shall, by **November 14, 2005**, submit to the undersigned's chambers, as an attachment in WordPerfect 9.0 or earlier version to an Internet e-mail sent to ksd_sebelius_chambers@ksd.usocurts.gov, a revised version of their proposed agreed pretrial order that reflects the claims and defenses of the parties subsequent to plaintiffs' filing of their second amended

9

complaint and defendants' filing of their answers thereto. The proposed order should include the parties' recommendations to the court, either joint or individual, regarding alternative dispute resolution. The court will thereafter review the parties's proposed pretrial order to determine whether it may be approved and filed at that time, or whether the court will set a further teleconference for the purpose of finalizing the order.

5. That the parties shall file all potentially dispositive motions in this matter (e.g., motions for summary judgment) on or before **December 12, 2005**.

**IT IS SO ORDERED.**

Dated this 20th day of October, 2005, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
